UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT J. LOWERY | CIVIL ACTION NO. 07-0850 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| GREGORY J. BARRO, PLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Robert J. Lowery ("Lowery") filed the instant suit against his former employer, Gregory J. Barro, PLC ("Barro") alleging that Barro deprived him of his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 (the "ADA"). Specifically, Lowery claims that Barro failed to accommodate his disability and failed to engage in the interactive process required by the ADA. Before the Court is Barro's Motion for Summary Judgment [Doc. No. 11] which seeks to have all of Lowery's claims dismissed. For the reasons which follow, the motion is **DENIED**.

**I.     FACTUAL BACKGROUND.**

Lowery worked for Barro as a debt collector from January 19, 1998 until November 4, 2005. [Doc. No. 11-2, SUF No. 1]. At some point during his employment, Lowery became unhappy with the conduct of his co-workers and voiced several complaints to Barro. Essentially, Lowery believed that his co-workers were engaging in abusive debt collection practices which were prohibited by the Fair Debt Collection Practices Act. Barro did not resolve the matter to Lowery's satisfaction. Although much of Lowery's complaint is devoted to that workplace squabble, it is wholly irrelevant to his ADA claims. However, Lowery claims that because of this workplace strife, he began to experience serious psychiatric problems aggravated by the stress associated therewith. [Doc. No. 1 at ¶ 22].

On or about February 15, 2005, Lowery's doctor wrote a letter to Barro requesting that Lowery be allowed to take two weeks off work. [Id. at ¶ 23]. Barro granted the request. However, Lowery claims that upon his return, he noticed a "change in attitude" from Albert Barro (manager of the collection department) and Greg Barro. On May 31, 2005, Lowery's doctor wrote another letter to Barro requesting that Lowery be allowed to take another two weeks off work. [Id. at ¶ 25]. It appears that request was also granted.

On August 16, 2005, Lowery requested a change in his work environment which included the suggestion that he be moved to a quieter area near the payment department due to the "abusive practices" of his co-workers. [Id. at ¶ 26]. However, Lowery complains that Albert Barro made the "unilateral" decision to move him to a new location. [Id. at ¶ 27]. Three days later, Lowery requested another move, stating that the prior change had not improved his working conditions. [Id. at ¶28, Ex. P9]. He requested to be moved to a specific cubicle on the northwest side of the office, which he stated appeared to be "logistically quieter" than his current location. [Id. , Ex. P10]. Lowery's supervisor, Jack Linder, told Lowery he could have a choice between two other cubicles but that no further concessions would be made. [Id. at ¶ 28]. He was not allowed to move to the specific area he had requested.

Lowery claims that his new work area was only a minor improvement, and he continued to experience emotional problems and further deterioration of his mental health due to the abusive behavior of his co-workers. [Id. at ¶ 29]. His lawsuit claims that if management had engaged in an interactive approach with him, they could have achieved a "reasonable accommodation" by moving him near the payment department and stopping his co-workers "abusive practices." [Id. at ¶ 30]. Lowery also complains that neither Albert

nor Greg Barro discussed the matter with him personally, but rather communicated with him through his supervisor Linder.

## II.    LAW AND ANALYSIS.

### A.    Summary Judgment Standard.

Summary judgment will be granted when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.56(c); See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact.  Liquid Air Corp., 37 F.3d at 1075.  A dispute over a material fact is genuine, if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Kee v. City of Rowlett Texas, 247 F.3d 206, 210 (5th  Cir. 2001).  If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response.  Liquid Air Corp., 37 F.3d at 1075.

If the movant does, however, meet this burden, the burden shifts and the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. 317, 106 S.Ct. 2548.  To that end, the Court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  Ameristar Jet Charter v. Signal Composites, 271 F.3d 624, 626 (5th Cir. 2001).  However, the Court will not assume that the nonmoving party could or would prove the necessary facts. Liquid Air Corp., 37 F.3d at 1075.  The nonmoving party's burden will not be satisfied by "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of

evidence. Id. Therefore, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir. 1993); see generally Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

With these principles in mind, we now turn to a review of the claims at issue in the instant case.

**B.     Reasonable Accommodation.**

Under the ADA, an employer is liable for failing to accommodate qualified individuals with known physical or mental limitations, unless the employer can demonstrate that such accommodation would impose an undue hardship. 42 U.S.C. § 12112(b)(5)(A). However, an employer is not required to accommodate an employee who it regards as disabled, but rather only those individuals who are actually limited and have requested an accommodation. See Gammage v. W. Jasper Sch. Bd. of Educ., 179 F.3d 952, 955 (5th Cir.1999); Burch v. Coca-Cola Co., 119 F.3d 305, 314 (5th Cir.1997).

Defendant's motion for summary judgment is centered around Lowery's admission in a discovery response that he "could perform the essential job functions with or without a reasonable accommodation". [Doc. No. 11 at 31]. Barro argues that Lowery cannot state an ADA claim because he admits that he could perform the essential job functions with or without a reasonable accommodation. Barro contends that an employee who does not need an accommodation to accomplish his essential job functions cannot establish a failure to accommodate claim. See Black v. Wayne Ctr., 225 F.3d 658, 2000 WL 1033026, at *3 (6th Cir.2000)(unpublished opinion)(holding that a plaintiff who can perform his job without an accommodation cannot demonstrate the reasonableness of any

accommodation, but supplying alternative analysis to support dismissal); <u>Rauen v. U.S. Tobacco Mfg. Ltd. P'ship</u>, 319 F.3d 891, 897 (7th Cir.2003)(affirming district court's decision to grant summary judgment for employer, but on the ground that the requested accommodation was not reasonable). <u>See also</u> <u>Campbell v. Wal-Mart Stores, Inc.</u>, 272 F.Supp.2d 1276, 1290 (N.D.Okla. 2003)("Generally, where an employee is able to perform the essential functions of the job to which she is assigned, the duty to accommodate does not arise, even if initiated by the employee.")(*citing* <u>Black v. Wayne Ctr.</u>).

However, Lowery's "judicial admission" that he could "perform the essential job functions *with or without* a reasonable accommodation" merely mimics the definition of a "qualified individual with a disability", which is defined as "an individual with a disability who, *with or without* reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The Court does not interpret Lowery's "admission" as an admission that he could perform his position *without* a reasonable accommodation. Rather, Lowery merely admitted he was a "qualified individual with a disability." Indeed, under defense counsel's reasoning, no qualified individual with a disability, as per its definition, would ever be entitled to a reasonable accommodation. <u>See</u> <u>Nawrot v. CPC Intern.</u>, 259 F.Supp.2d 716, 725 (N.D.Ill. 2003). Under these circumstances, the Court finds that Lowery's claim that his alleged disability interfered with his ability to perform his essential job functions [Doc. No. 17 at 1-2] is sufficient to create a genuine issue of fact as to his need for a reasonable accommodation.

**III. CONCLUSION.**

The Court finds there is a genuine issue of fact as to Lowery's ability to perform the essential functions of his position without accommodation.

Therefore:

**IT IS ORDERED** that the defendant's Motion for Summary Judgment [Doc. No. 11] is hereby **DENIED**.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 13th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE